```
 1                    UNITED STATES DISTRICT COURT
                       SOUTHERN DISTRICT OF TEXAS
 2                          HOUSTON DIVISION

 3  UNITED STATES OF AMERICA       .   CR. NO. H-17-618-1
                                   .   HOUSTON, TEXAS
 4  VS.                            .
                                   .   NOVEMBER 9, 2017
 5  ANTHONY MACE                   .   2:28 P.M. to 2:48 P.M.

 6

 7                    TRANSCRIPT of REARRAIGNMENT
                 BEFORE THE HONORABLE DAVID HITTNER
 8                 UNITED STATES DISTRICT JUDGE

 9

10  APPEARANCES:

11  FOR THE GOVERNMENT:             MS. SUZANNE ELMILADY
                                    U.S. Attorney's Office
12                                  1000 Louisiana
                                    Suite 2300
13                                  Houston, Texas  77002

14                                  MR. DENNIS R. KIHM
                                    U.S. Department of Justice
15                                  Criminal Division, Fraud
                                      Section
16                                  1400 New York Ave NW
                                    Washington, D.C.  20005
17

18
    FOR THE DEFENDANT:              MR. NICOLAS BOURTIN
19                                  MS. ANN-ELIZABETH OSTRAGER
                                    Sullivan & Cromwell LLP
20                                  125 Broad Street
                                    New York, NY  10004
21
                                    MR. DAVID ISAAK
22                                  Smyser Kaplan & Veselka
                                    700 Louisiana Street
23                                  Suite 2300
                                    Houston, Texas 77002
24
    Proceedings recorded by mechanical stenography, transcript
25  produced by computer-aided transcription.
```

```
 1                    APPEARANCES CONTINUED

 2
    OFFICIAL COURT REPORTER:       MS. KATHY L. METZGER
 3                                 U.S. Courthouse
                                   515 Rusk
 4                                 Room 8004
                                   Houston, Texas   77002
 5                                 713-250-5208

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                      P R O C E E D I N G S
 2           THE COURT:  The Court calls the Case Criminal Matter
 3   17-618-01, United States versus Anthony Mace.
 4                Who represents the government?
 5           MS. ELMILADY:  Good afternoon, Judge.  Suzanne
 6   Elmilady and Mr. Dennis Kihm for the United States.
 7           THE COURT:  And for the defense?
 8           MR. BOURTIN:  Good afternoon, Your Honor.  Nick
 9   Bourtin and Annie Ostrager from Sullivan and Cromwell for
10   Mr. Mace.
11           THE COURT:  All right.  Come on up, please.
12           MR. ISAAK:  And David Isaak from Smyser Kaplan &
13   Veselka.
14           THE COURT:  Now, sir, I understand that you want to
15   enter a plea of guilty; is that correct?
16           THE DEFENDANT:  That's correct, Your Honor.
17           THE COURT:  All right.  Please raise your right hand
18   and take the oath.
19      (Anthony Mace, defendant, sworn.)
20           THE DEFENDANT:  I do.
21           THE COURT:  All right.  Do you understand you're now
22   under oath and if you answer any of my questions falsely, those
23   answers may later be used against you in another prosecution
24   for perjury, that's for making a false statement?
25           THE DEFENDANT:  I do, Your Honor.
```

1      *THE COURT:* Please state your full name.
2      *THE DEFENDANT:* Anthony John Mace.
3      *THE COURT:* Age?
4      *THE DEFENDANT:* 65.
5      *THE COURT:* Education?
6      *THE DEFENDANT:* I have a master's degree in
7  engineering.
8      *THE COURT:* Pull that mike in a little bit. You don't
9  have to speak into it, but that will pick up.
10           A master's degree in engineering?
11     *THE DEFENDANT:* Engineering.
12     *THE COURT:* What sort of engineering?
13     *THE DEFENDANT:* Ocean engineering.
14     *THE COURT:* Okay. From where?
15     *THE DEFENDANT:* London University.
16     *THE COURT:* Okay. London University?
17     *THE DEFENDANT:* London University.
18     *THE COURT:* All right. Have you ever been treated for
19  any mental illness or addiction to narcotic drugs?
20     *THE DEFENDANT:* No.
21     *THE COURT:* Are you presently under the influence of
22  any drug, medication, or alcoholic beverage of any kind?
23     *THE DEFENDANT:* No.
24     *THE COURT:* Have you had sufficient time to consult
25  with your attorneys?

1  *THE DEFENDANT:* I have.
2  *THE COURT:* Are you satisfied with your attorneys?
3  *THE DEFENDANT:* I am.
4  *THE COURT:* All right. Counsel, have you had
5  sufficient time to investigate the law and the facts of your
6  client's case now before the Court?
7  *MR. BOURTIN:* We have, Your Honor.
8  *THE COURT:* Does he understand the nature of the
9  charges pending against him?
10  *MR. BOURTIN:* I'm confident he does.
11  *THE COURT:* Has he been able to cooperate with you in
12  every way?
13  *MR. BOURTIN:* In every way, yes, Your Honor.
14  *THE COURT:* In your opinion, is he now mentally
15  competent?
16  *MR. BOURTIN:* Yes, Your Honor.
17  *THE COURT:* Have you and your attorney received a copy
18  of the information pending against you, that's the written
19  charges in this case?
20  *THE DEFENDANT:* We have, yes.
21  *THE COURT:* All right. Do you understand that under
22  the U.S. Constitution, you have a right to be indicted by a
23  grand jury? That's a group of folks that will listen to the
24  government's case; and if they believe there's sufficient
25  information to refer it to trial, they'll refer it to trial.

1  Do you understand that system?
2          *THE DEFENDANT:* I do.
3          *THE COURT:* You have an absolute right to be indicted
4  by a grand jury. However, my understanding is that after
5  consulting with your counsel, you've decided to waive those
6  rights and to proceed by what we call an information. An
7  information does not have the intermediary of a grand jury. In
8  effect, there are charges drawn up by the Department of Justice
9  and the local U.S. Attorney's Office, and you will proceed
10 under those instead of having an indictment. Do you understand
11 that?
12         *THE DEFENDANT:* I do.
13         *THE COURT:* All right. After considering it, once
14 again, have you discussed this with your attorneys?
15         *THE DEFENDANT:* I have.
16         *THE COURT:* Do you still desire to proceed by
17 information?
18         *THE DEFENDANT:* I do.
19         *THE COURT:* All right. You're pleading today to Count
20 1 of the information, conspiracy to violate the Foreign Corrupt
21 Practices Act, a violation of 18, United States Code, Section
22 371. That's the conspiracy. And the basic, what is it,
23 substantive underlying offense is Title 15, United States Code,
24 Section 78dd-2.
25         All right. Under this, first of all, the

1  elements of conspiracy:  That the defendant and at least one
2  other person made an agreement to violate the Foreign Corrupt
3  Practices Act; that the defendant knew the unlawful purpose of
4  the agreement and joined in it willfully, that is, with the
5  intent to further the unlawful purpose; and that one of the
6  conspirators during the existence of the conspiracy committed
7  at least one of the overt acts described in the information in
8  order to accomplish some object or purpose of a conspiracy.
9  That's the elements of conspiracy.
10                 And you're pleading conspiracy to the following
11 substantive underlying offense:  The Foreign Corrupt Practices
12 Act.  The defendant is a domestic -- the defendant is a
13 domestic concern or officer, director, employee, or agent of a
14 domestic concern or shareholder thereof acting on behalf of
15 such domestic concern, or aided and abetted a domestic concern;
16 that the defendant acted corruptly and willfully; that the
17 defendant made use of the mails or any means or instrumentality
18 of interstate commerce in furtherance of an unlawful act under
19 this statute, namely, an offer, payment, promise to pay, or
20 authorization of the payment of money or anything of value, or
21 aided and abetted another to do the same; that the defendant
22 offered, paid, promised to pay, or authorized the payment of
23 money or gift or anything of value; that the officer -- that
24 the offer, promise to pay, or authorization of payment of money
25 or anything of value was either to a foreign official or to any

1  person while the defendant knew that all or a portion of the
2  payment would be offered, given, or promised, directly or
3  indirectly, to a foreign official; that the payment was
4  either -- that the payment was intended for one of three
5  purposes relevant to this action:  To influence any act or
6  decision of a foreign public official in his official capacity,
7  to induce such foreign official to do or omit to do any act in
8  violation of the lawful duty of such foreign official, or to
9  secure any improper advantage; and that the payment was to
10 assist the domestic concern in obtaining or retaining business
11 for, or with, or directing business to, any person.
12             The penalty for the conspiracy to which you're
13 pleading is up to five years imprisonment; a fine of not more
14 than $250,000 or twice the gross gain or loss; up to three
15 years supervised release; and a 100-dollar special assessment.
16             Do you understand this to be the nature of the
17 charges and the possible penalties pending against you?
18         *THE DEFENDANT:*  I do.
19         *THE COURT:*  Do you understand you have a right to
20 continue to plead not guilty if you want to?
21         *THE DEFENDANT:*  I do.
22         *THE COURT:*  If you continue to plead not guilty, you
23 would have the right to a trial by jury or before the Court,
24 the right to the assistance of counsel for your defense, the
25 right to see and hear all the witnesses and have them

1  cross-examined in your own defense, the right on your own part
2  to decline to testify unless you voluntarily elected to do so
3  in your own defense, the right to the issuance of subpoenas or
4  compulsory process to compel the attendance of witnesses to
5  testify in your defense.  At trial the government would have to
6  prove each element of the offense of which you were charged
7  beyond a reasonable doubt.
8              Do you further understand that by entering a plea
9  of guilty, if that plea is accepted by the Court, there will be
10 no trial and you will have waived or given up your right to a
11 trial as well as those other rights associated with a trial as
12 I just described?  Do you also understand that if I accept your
13 plea of guilty, you will be waiving all non-jurisdictional
14 defects, if any, in this prosecution, such as, for example, any
15 illegal search and seizure, a violation of your right to a
16 speedy trial, and an inadmissible statement if you've made one?
17 In other words, do you understand that by pleading guilty, you
18 waive all these rights as I just described?
19          *THE DEFENDANT:*  I do.
20          *THE COURT:*  Are you a citizen of the United States?
21          *THE DEFENDANT:*  No.
22          *THE COURT:*  All right.  Of what country are you a
23 citizen?
24          *THE DEFENDANT:*  United Kingdom.
25          *THE COURT:*  Has any plea agreement been entered into

1  between the parties?
2         *MS. ELMILADY:*  We do have a plea agreement, Your
3  Honor.
4         *THE COURT:*  Initially what does it state relative to
5  right of waiver -- to the waiver of appeal?
6         *MS. ELMILADY:*  Your Honor, the defendant is waiving
7  his right to appeal except for ineffective assistance claims.
8         *THE COURT:*  Under what section of the Criminal Code
9  are we proceeding?
10        *MS. ELMILADY:*  Pursuant to 11(c)(1)(A) and (B).
11        *THE COURT:*  There are some Sentencing Commission
12 Guidelines issued for judges to consider in determining the
13 sentence in a criminal case.  And they're not mandatory on the
14 judge, but they are advisory.  Have you and your attorneys
15 talked about how these guidelines might apply to your case?
16        *THE DEFENDANT:*  Yes.
17        *THE COURT:*  Do you understand I'll not be able to
18 determine the guideline sentence for your case until after a
19 presentence report has been completed and you and the
20 government have had the opportunity to challenge the facts
21 reported by the probation officer?
22        *THE DEFENDANT:*  I do, yes.
23        *THE COURT:*  Do you also understand after it's been
24 determined what guideline applies to a case, the judge has the
25 authority to impose a sentence more severe or less severe than

1  the sentence called for by the guidelines?
2       *THE DEFENDANT:*  I do.
3       *THE COURT:*  Do you also understand that under some
4  circumstances, you or the government would have the right to
5  appeal any sentence that a court imposes, except to the extent
6  that you've waived those rights to appeal, except for one as
7  recited by the assistant U.S. attorney?
8       *THE DEFENDANT:*  I do, yes.
9       *THE COURT:*  Do you also understand here in our federal
10 system, as compared to most state systems, here in the federal
11 system, parole has been abolished and if you're sentenced to
12 prison, you will not be released on parole?
13      *THE DEFENDANT:*  I do, yes.
14      *THE COURT:*  If you would, please, now give me a brief
15 summary of the rest of the plea agreement.
16      *MS. ELMILADY:*  Yes, Your Honor.  The defendant is
17 agreeing to plead to Count 1 of the information and the United
18 States --
19      *THE COURT:*  Pull the mike over a little bit, please.
20      *MS. ELMILADY:*  Yes, Your Honor.
21           And the United States is agreeing not to pursue
22 any additional charges related to the conduct as alleged in the
23 information.  The United States is also agreeing not to oppose
24 the two-level downward departure for acceptance of
25 responsibility and the additional one point for timeliness of

1  the plea.  And I believe Your Honor already talked about the
2  waiver of appeal.
3              *THE COURT:*  All right.  Are those the terms of the
4  plea agreement with the government as you understand them?
5              *THE DEFENDANT:*  They are.
6              *THE COURT:*  Yes, sir?
7              *THE DEFENDANT:*  They are.
8              *THE COURT:*  Okay.  Has anyone made any other or
9  different promise to you, such as possible leniency or an offer
10 of probation in order to induce you to enter into this plea?
11             *THE DEFENDANT:*  No, they haven't.
12             *THE COURT:*  Has anyone attempted in any way to
13 threaten, force, or coerce you into pleading guilty?
14             *THE DEFENDANT:*  No.
15             *THE COURT:*  I'm considering your plea of guilty under
16 Federal Rule of Criminal Procedure 11(c)(1)(A) and (B).  Do you
17 understand I may accept or reject the plea agreement as
18 proposed?
19             *THE DEFENDANT:*  Yes.
20             *THE COURT:*  Okay.  You need to understand that if I
21 accept your plea of guilty today but reject the plea agreement,
22 you still will not be able to withdraw your plea of guilty at a
23 later date.  Also, do you understand that the government's
24 recommendation or your request for a particular sentence is not
25 binding on me and I'm free to assess any punishment within the

limits proscribed by law, as I just described?

*THE DEFENDANT:* I do.

*THE COURT:* Okay. Are you now ready to enter to the -- plead to the one count of the charges pending against you?

*THE DEFENDANT:* Yes.

*THE COURT:* All right. Counsel, do you know any reason why your client should not plead guilty?

*MR. BOURTIN:* I do not, Your Honor.

*THE COURT:* Do you know of any meritorious defenses that he would have to the one count to which he intends to plead?

*MR. BOURTIN:* No, Your Honor.

*THE COURT:* Before I can accept your plea of guilty, I need to make a determination that you are guilty. If you will listen to the assistant U.S. attorney as he gives me a brief summary of what the evidence would have been if the case had gone to trial.

Yes, sir. Go right ahead, please.

*MR. KIHM:* Yes, Your Honor. And this is just a summary of what's contained in the plea agreement.

*THE COURT:* Right.

*MR. KIHM:* Had the United States proceeded to trial in this matter, it would have proven beyond a reasonable doubt that from in or around April 2008 until in or around

December 2011, the defendant was the CEO of the Oil Services Company, a publicly-traded company in the Netherlands, with principal offices in Monaco, Switzerland, and Houston, Texas.

The Oil Services Company -- while the defendant was CEO of the Oil Services Company, he was also a board member of one of the Oil Services Company's wholly-owned Houston, Texas-based subsidiaries.  As such, the defendant was an officer, director, employee, or agent of a domestic concern, as that term is used in the Foreign Corrupt Practices Act.

Beginning by at least 1996, certain executives of the Oil Services Company entered into a conspiracy to violate the Foreign Corrupt Practices Act, that is, to pay bribes to foreign officials in order to induce those foreign officials to award business and provide other advantages to Oil Services Company and its U.S. subsidiary.

The defendant, after becoming CEO of Oil Services Company, joined the conspiracy by continuing to make payments that furthered the bribery conspiracy and deliberately blinded himself to the facts that would otherwise have been obvious to him, namely, that certain payments he authorized were, in fact, bribes paid to foreign officials.

For example, in or around the fall of 2008, the defendant was in possession of a spreadsheet reflecting over $16 million in payments to five individuals to be paid through a company controlled by a former executive at the Oil Services

1  Company.  The defendant was aware of the high risk that those
2  individuals were either Equatorial Guinean officials or persons
3  receiving money on behalf or at the direction of such
4  officials.  The defendant nevertheless authorized multiple
5  payments from the Oil Services Company to a Switzerland-based
6  bank account controlled by the former executive in interstate
7  commerce and updated the spreadsheet to reflect that the
8  payments were made.
9              The last such transfer occurred on or about
10 December 2, 2011.
11           *THE COURT:*  All right.  Are these facts recited by the
12 assistant U.S. attorney true?
13           *THE DEFENDANT:*  They are.
14           *THE COURT:*  Did you intend to commit the acts as he
15 just described, that is, did you know what you were doing at
16 the time?
17           *THE DEFENDANT:*  Yes.
18           *THE COURT:*  You may now arraign the defendant as to
19 the count involved in the plea agreement, unless, counsel, you
20 want to waive reading of the information.
21           *MR. BOURTIN:*  We'll waive, Your Honor.
22           *THE COURT:*  Very well.  As to the one count to which
23 you pled, how do you plead, sir, guilty or not guilty?
24           *THE DEFENDANT:*  Guilty.
25           *THE COURT:*  Have you read and do you understand the

1  plea of guilty agreement?
2          *THE DEFENDANT:*  Yes.
3          *THE COURT:*  All right.  If it's your desire, you may
4  go ahead and sign it at this time.
5          *MR. BOURTIN:*  We've signed it, Your Honor.
6          *THE COURT:*  All right.  These are the Court's
7  findings:  I find the defendant is mentally competent at the
8  present time.  I find there's a factual basis for his plea of
9  guilty and that the defendant intended to do the acts he
10 committed.  I find the defendant's plea of guilty is
11 voluntarily and knowingly made and that the defendant
12 understands the nature of these proceedings and understands the
13 consequences of his plea of guilty.
14              Upon your plea of guilty, I find you guilty as
15 charged in the one count to which you pled of the information.
16              And I will consider the parties' plea agreement
17 before the imposition of sentence.
18              A written presentence report will be prepared by
19 the probation office to assist me in sentencing.  You'll be
20 required to give information for the report and your attorney
21 may be present, if you wish.  The Court will permit you and
22 your attorney to read the presentence report before the
23 sentencing hearing; and at the sentencing hearing, you and your
24 counsel will be afforded the opportunity to speak on your
25 behalf at that time.

1     *(Judge conferring with case manager, off the record.)*
2     *THE COURT:* All right. You'll need to stop past the
3 probation office before we leave, but Ellen will give you some
4 instructions in a moment. I'm going to remain out here,
5 because we'll get the jury started on the jury trial.
6     The bond situation, any recommendation concerning
7 the bond?
8     *MS. ELMILADY:* Your Honor, we would like to recommend
9 that he remain on bond as --
10     *THE COURT:* All right. Then he'll remain on bond
11 pending sentencing in this case.
12     The defendant is ordered to be back before this
13 Court for sentencing on February 2nd, 2018, at 2:00 p.m.
14     Anything further from the government?
15     *MS. ELMILADY:* No, Your Honor.
16     *THE COURT:* Anything further from the defense?
17     *MR. BOURTIN:* No, Your Honor.
18     *THE COURT:* We stand adjourned in this case.
19     *MS. ELMILADY:* Thank you, Your Honor.
20     *MR. BOURTIN:* Thank you.
21     *MR. KIHM:* Thank you, Your Honor.
22   *(Concluded at 2:48 p.m.)*
23                                                 \* \* \*
24 I certify that the foregoing is a correct transcript from the
25 record of proceedings in the above-entitled cause, to the best

1  of my ability.
2  /s/ *Kathy L. Metzger*                              *3-12-2018*
   Kathy L. Metzger                              Date
3  Official Court Reporter