```
              THE UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION

                        *  *  *  *  *

UNITED STATES OF AMERICA    *    NO. H-CR-17-618-1
                            *    Houston, Texas
versus                      *
                            *    10:02 a.m. - 10:16 a.m.
ANTHONY MACE                *    November 9, 2017

                        *  *  *  *  *

             INITIAL APPEARANCE/ARRAIGNMENT

          BEFORE THE HONORABLE NANCY K. JOHNSON
             UNITED STATES MAGISTRATE JUDGE

                        *  *  *  *  *
```

Proceedings recorded by electronic sound recording
Transcript produced by transcription service.

*GLR TRANSCRIBERS*
9251 Lynne Circle
Orange, Texas 77630 * 409-330-1610

```
 1  APPEARANCES:

 2  For the Government:

 3      MS. SUZANNE ELMILADY
        MR. DENNIS R. KIHM
 4      U.S. Department of Justice
        1000 Louisiana, Suite 2300
 5      Houston, Texas 77002

 6  For the Defendant:

 7      MR. NICOLAS BOURTIN
        MS. ANN-ALIZABETH OSTRAGER
 8      Sullivan & Cromwell, LLP
        125 Broad Street
 9      New York, NY 10004

10  Court Clerk:

11      SHANNON JONES

12  Electronic Recorder:

13      TERESA TUCH

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                    P R O C E E D I N G S
 2              10:02 A.M. - NOVEMBER 9, 2017
 3           THE COURT:  All right, good morning, everyone.
 4  Please be seated.  This is the United States District
 5  Court for the Southern District of Texas.  I'm
 6  Magistrate Judge Nancy Johnson.
 7              Let me first call for initial appearance
 8  United States vs. Anthony Mace.  Mr. Mace, come on up.
 9           MS. ELMILADY:  Good morning, Judge.  Suzanne
10  Elmilady and Mr. Dennis Kihm for the United States.
11           MR. BOURTIN:  Good morning, Your Honor.  Nick
12  Bourtin and Annie Ostrager for Mr. Mace.
13           THE COURT:  All right.  Where's Mr. Mace?
14           DEFENDANT MACE:  I'm here.
15           THE COURT:  Why don't you stand in the middle.
16              Sir, have you received a copy of the
17  Criminal Information?
18           DEFENDANT MACE:  I have, Your Honor.
19           THE COURT:  It charges you with conspiracy to
20  violate the Foreign Corrupt Practices Act.  Do you
21  understand the charge?
22           DEFENDANT MACE:  I do, Your Honor.
23           THE COURT:  With respect to this charge, you
24  face a penalty of up to five years in prison and a fine
25  up to $250,000, or twice the amount of gain or loss,
```

1  depending on how the Court looks at it.  Do you
2  understand?
3          DEFENDANT MACE:  I do, Your Honor.
4          THE COURT:  Now, with respect to this charge,
5  you have the right to remain silent and not make any
6  statement.  If you choose to make a statement, it can
7  be used against you.  Do you understand that?
8          DEFENDANT MACE:  I do, Your Honor.
9          THE COURT:  You also have the right to be
10 represented by an attorney at all stages of this
11 criminal proceeding.  If you cannot afford an attorney,
12 one will be appointed for you.  You're here today with
13 retained counsel?
14         DEFENDANT MACE:  That's correct, Your Honor.
15         THE COURT:  Then I need to advise you, if you
16 find while this matter is pending you can no longer
17 afford their services, you must promptly notify the
18 Court and the Court will take up the matter whether or
19 not you're qualified for appointed counsel.  Do you
20 understand?
21         DEFENDANT MACE:  I understand, Your Honor.
22         THE COURT:  Also, as it appears that you are
23 not a U.S. Citizen, you may request that a federal law
24 enforcement officer notify a consular official from
25 your country that you have been arrested.  You need to

1 talk to your attorneys before you make such a request.
2 Do you understand?
3     DEFENDANT MACE: I understand, Your Honor.
4     THE COURT: Now, Government, what is your
5 motion on bond?
6     MS. ELMILADY: Your Honor, the United States
7 recommends a bond in this case. And I believe that
8 we've been discussing with defense counsel and Pretrial
9 Services and we're comfortable with the recommendation
10 and agreement of the Pretrial Services.
11     THE COURT: The Pretrial Services Report would
12 allow Mr. Mace to keep his passport and leave the
13 country tomorrow?
14     MS. ELMILADY: Yes, Your Honor. And we've
15 been working with Mr. Mace's lawyers for close to a
16 year now pre-Indictment. This case is not a surprise
17 and he flew in from the United Kingdom voluntarily.
18 He's taking a plea this morning -- this afternoon
19 before Judge Hittner and has $500,000 here in the
20 United States and is making a 10 percent deposit with
21 the Court this morning. We have no reason to believe
22 that he's a risk of flight at all. And additionally,
23 he's assisting the Government with some additional
24 things.
25     So the United States would recommend a

1  bond in this case and would respectfully request the
2  Court to grant one.
3              We also -- in addition, Your Honor, we
4  have --
5         THE COURT:  You can take that up with Judge
6  Hittner.  I'm going to set a bond that requires you to
7  maintain a residence here.  I'm going to keep your
8  passport and Judge Hittner can overrule me, all right?
9         MS. ELMILADY:  Okay.
10        THE COURT:  You can talk to him about it.
11 It's his case.
12        MS. ELMILADY:  Can we say to you any more?
13        THE COURT:  No, I've had people in your
14 position, Mr. Mace, flee on me.  So, despite everyone's
15 good intentions, sometimes coming back for sentencing
16 or whatever just becomes too much of a hassle and I
17 don't have a comfort level here.
18        MR. KIHM:  Your Honor, if it makes any --
19        THE COURT:  Now, this says Lake.  Why does
20 the trial -- my file says Judge Lake.
21        MS. ELMILADY:  Judge Hittner has a related
22 case which was transferred to this Court, a case that
23 was filed prior to this one.  You actually saw that
24 individual on Monday XX.
25        MR. BOURTIN:  I just want to note for the

1  record, Your Honor, he is subjecting himself to the
2  jurisdiction of this Court and foregoing extradition
3  rights in the process.  He had no assets in the United
4  States, he's transferred half a million dollars to the
5  United States as security.  So, from our perspective,
6  with all respect, to come take all those steps, to
7  plead guilty before he was indicted and then to flee
8  after that, it just doesn't seem like there's a high
9  risk of that, Your Honor.
10         MS. ELMILADY:  Your Honor, we also
11 additionally have a arrangements with him to be in
12 contact with the United States Embassy in the United
13 Kingdom once a week with an attache' with Homeland
14 Security there.  We made all these arrangements before
15 coming to court and these are all things he's agreed
16 with.  We know where he lives in the United Kingdom.
17 We have people on the ground there that get him if we
18 need to.  We are not concerned at all that he's a
19 flight risk, and we have the agent here who may speak
20 to him as well.
21         THE COURT:  I think that this should be Judge
22 Hittner's call.
23         MS. ELMILADY:  Okay.
24         THE COURT:  And so, as I understand it, I'm
25 setting a $500,000 bond with a $50,000 deposit.

1      MS. ELMILADY:  Yes, Your Honor.
2      *[Pause]*
3      THE COURT:  All right, listen very carefully
4 while I set for you conditions of release.  Failure to
5 comply with any of these conditions have serious
6 consequences, as I will explain in a minute.
7      Number one, you must not violate any
8 federal, state, or local law while on release.
9      You must not intimidate or attempt to
10 intimidate any witness, juror, or officer of the Court,
11 obstruct a criminal investigation, or tamper with or
12 retaliate against a witness, victim, or informant.
13      You must immediately advise the Court,
14 your attorney, and the Pretrial Services Agency in
15 writing before you change your address or telephone
16 number.
17      You must appear in court as required, and
18 you must surrender for service of any sentence imposed.
19      You will also execute an unsecured bond
20 binding you to pay the United States a sum of $500,000
21 in the event of a failure to appear or failure to
22 surrender for service of any sentence imposed.  That
23 bond will be further secured by a deposit of $50,000
24 into the Registry of the Court.
25      I will require Pretrial supervision, and

```
 1  you must surrender your passport to Pretrial Services
 2  and obtain no other passport or travel document while
 3  this matter is pending.  Your travel is restricted to
 4  the Southern District of Texas.  That is an area
 5  outlined in yellow on this map.  You must establish a
 6  residence within this district.
 7               You will also avoid all contact, direct
 8  or indirect, with any person who is a victim of this
 9  offense or who is a potential witness.
10               You will not possess a firearm,
11  destructive device, or other dangerous weapon.
12               You will not excessively use alcohol and
13  you will have no use or unlawful possession of a
14  narcotic drug or other controlled substance, except as
15  prescribed by a licensed physician.
16               If you violate my order, the Court can
17  issue a warrant for your arrest, your pretrial release
18  can be revoked, and you can spend the rest of your time
19  pretrial in custody.
20               If you commit any offense while on bond,
21  upon conviction of that offense, you may be subject to
22  an additional term of years of up to 10 years if you're
23  convicted of a felony, one year for a misdemeanor.
24               It is also a crime to intimidate or
25  attempt to intimidate a witness, juror, or officer of
```

1   the Court, obstruct a criminal investigation, or tamper
2   with or retaliate against a witness, victim, or
3   informant.
4              It's a crime to knowingly fail to appear
5   or fail to surrender for service of any sentence
6   imposed.  And if you do fail to appear, the Court can
7   seek to forfeit the $50,000 deposit and collect the
8   balance from yourself.
9              Do you have any questions about these
10  conditions?
11         DEFENDANT MACE:  No, Your Honor.
12         THE COURT:  All right.  Then you need to sign
13  that.
14         **[Pause - Defendant signs said document under**
15  **oath]**
16         THE COURT:  All right, now, let's take up your
17  arraignment, which is when you are asked to enter a
18  formal plea to this charge.  Have you had enough time
19  to review the charge with your lawyer and are you ready
20  to enter a formal plea?
21         DEFENDANT MACE:  I am, Your Honor.
22         THE COURT:  Counsel, do you wish to waive
23  formal reading?
24         MR. KIHM:  Yes, Your Honor.
25         THE COURT:  Then, Mr. Mace, to the

1  information, how do you plead, guilty or not guilty?
2        DEFENDANT MACE:  Not guilty.
3        THE COURT:  A not guilty plea will be entered.
4        Now, you are charged in a Criminal
5  Information.  That is a charge based on the signature
6  of an Assistant U.S. Attorney alone.  You are charged
7  with a felony offense.  And under the United States
8  Constitution, before the Government may proceed with
9  any felony charge, it must first present those
10 allegations to a Grand Jury and a Grand Jury must find
11 that there is probable cause to believe that a crime
12 was committed and that you committed it.  A Grand Jury
13 is a body of citizens consisting of not more than 23
14 member, not less than 16.  12 must agree that there is
15 probable cause before the charge can be -- a felony
16 charge can be prosecuted.
17       You are allowing yourself to be charged in
18 a Criminal Information and I just want to make sure
19 that you understand that you have the right to have
20 your allegations presented to a Grand Jury.  There are
21 many reasons why you might want to have a charge
22 presented by an Information, and if that is your wish,
23 then I want you to sign this document acknowledging
24 that you're waiving your right to have the allegations
25 presented to a Grand Jury.

1           *[Pause - Said document signed by the defendant]*
2                All right.  Do we need to talk about
3    anything else?
4           MS. ELMILADY:  No, Your Honor.
5           THE COURT:  All right.  Now, if Judge Hittner
6    agrees with you, he's got two options:  He can send it
7    back down to me and I'll do another order.  Fine.  Or
8    he can, you know, strike things out on my order,
9    initial them, and he'll just file it as an amended
10   order.
11          MS. ELMILADY:  Will we get a copy of your
12   orders for the arraignment?
13          THE COURT:  Shannon can probably do that.
14          MS. ELMILADY:  Okay.
15          THE COURT:  Because I've got to leave in a
16   couple of minutes.  I've got to speak at the Attorney
17   Admissions Workshop.
18          MS. ELMILADY:  Oh, fine.  I'll get it from
19   Shannon.
20          THE COURT:  Apparently I'm the only magistrate
21   here this morning.
22          MS. ELMILADY:  Thank you, Judge.
23          THE COURT:  All right, thank you.  You may all
24   be excused.
25          *[10:16 a.m. - Proceedings adjourned]*

C E R T I F I C A T I O N

    I certify that the foregoing is a correct transcript of the electronic sound recording of the proceedings in the above-entitled matter.

/s/ Gwen Reed

3-13-18